# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH DAKOTA
# SOUTHERN DIVISION

| | |
|---|---|
| PHILIP THOMAS DENTINGER,<br><br>Plaintiff,<br>vs.<br><br>THE HOLY CHRUCH AND ALL CHURCHES USING THE HOLDY NAME (HIGHEST RANKING PAID LEADERS AND EMPLOYEES WHOM RANK AS PASTORS, PRIESTS, AND 'HOLY CHURCH ELITE GROUP'<br><br>Defendants. | 19-4106<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT |

## BACKGROUND

On June 24, 2019, Plaintiff, Philip Thomas Dentinger, filed a Complaint against the following defendants: "The Holy Church and all churches using the Holy name (highest ranking paid leaders and employees whom rank as Pastors, Priests, and 'Holy Church Elite Group', (collectively referred to as "the Defendants"). Doc. 1. In his Complaint, Plaintiff alleges that the Defendants have committed the tortious act of hurting, harming, and raping people and persons without their consent. Plaintiff states that he is alleging tort law claims for "negligence, negligence per se, assault, battery, violent misconduct by licensed and voted officials, outrageous behavior, and misrepresenting the Holy Church as a place of peace and positivity." Plaintiff also alleges that the Defendants are in breach of: False Claims Act, Antitrust, Racketeer Influenced and Corrupt Organizations, and Freedom of Information Act.

In his claim for relief, Plaintiff askes the Court to permanently close "all churches which are Holy and which use the Holy name and all businesses and organizations which use the Holy name." Plaintiff also seeks monetary damages in the amount of $812,500 because he alleges that he has personally been hurt by the battery and assault practices of the Defendants upon his mind and body.

Plaintiff has filed an Application to Proceed in Forma Pauperis, Doc. 2, and a Motion to Appoint Counsel, Doc. 3.

For the following reasons, Plaintiff's Application to Proceed in Forma Pauperis and Motion to Appoint Counsel are denied and Plaintiff's complaint is dismissed for lack of jurisdiction.

## DISCUSSION

"[F]ederal courts are courts of limited jurisdiction." *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010). A district court "has a special obligation to consider whether it has subject matter jurisdiction in every case." *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011). "This obligation includes the concomitant responsibility 'to consider *sua sponte* [the court's subject matter] jurisdiction . . . where . . . [the court] believe[s] that jurisdiction may be lacking.'" *Id.* (quoting *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010) (per curiam)).

The subject matter jurisdiction of this Court may derive from the citizenship of the parties, *see* 28 U.S.C. § 1332, a federal question posed by the underlying lawsuit, *see* 28 U.S.C. § 1331, or special circumstances covered by federal statute.

### A. Federal Question Jurisdiction

Although Plaintiff cites generally various federal laws as the basis for this Court's jurisdiction, Plaintiff's statement of his own causes of action allege torts committed by the Defendants and do not arise under any of these federal statutes. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (citing *Louisville & Nashville R. Co. v. Mottley*, 221 U.S. 149, 152 (1908) (stating that the plaintiff's statement of his own cause of action must show that it is based upon [federal law])). Accordingly, the Court concludes that federal question jurisdiction is lacking in this case.

### B. Diversity Jurisdiction

Diversity jurisdiction requires "complete diversity, that is 'where no defendant holds citizenship in the same state where any plaintiff holds citizenship.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) (quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010)). It appears from Plaintiff's Complaint that he is a resident of Sioux Falls, South Dakota. The Defendants in this matter include all churches using the Holy Name and all highest ranking paid leaders and employees whom rank as Pastors, Priests, and 'Holy Church Elite Group'. Because the named defendants in this case are not any identifiable entities or persons, no claim is stated. If, however, the Defendants are taken to include all churches and their pastors and priests,

2

then that interpretation includes persons and entities that hold citizenship in the same state as Plaintiff, and diversity jurisdiction is lacking in this case.

For the foregoing reasons, it is hereby ORDERED that:

1) Plaintiff's Application to Proceed in Forma Pauperis, Doc. 2, and Motion to Appoint Counsel, Doc. 3, are DENIED because the Court lacks subjection matter jurisdiction to resolve Plaintiff's causes of action; and

2) Plaintiff's Complaint, Doc. 1, is dismissed for lack of subject matter jurisdiction.

Dated this 26th day of June, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

3